May I please the Court, Your Honor? This is the issue regarding costs. After JMOL and the defendants sought more than half a million dollars in costs in this case, despite the fact that Mr. Shum prevailed on what the apprenticeship issues, which the defendants counsel had previously said, was the heart of the case, the central issue in the case. Yeah, but doesn't the argument we just had for the past half hour kind of demonstrate to us that who won and who lost in this case? I mean, who uncorked the champagne when the verdict, when the result came in in this case? Not your client, right? Absolutely. Our client was very frustrated that the district court awarded JMOL to the defendants. Absolutely. And summary judgment. Absolutely. They were important setbacks. So those were dominant issues in the appeal. So I guess I'm wondering what your argument is for your being the prevailing party, notwithstanding those conclusions. The argument is that under the Farrar case, the U.S. Supreme Court case, and the Millander-Millings case, this circuit's case, the inventorship verdicts changed the legal relationship between Mr. Shum and Mr. Verdell. Yeah, but you say that being added to the inventorship wasn't worth a whole lot. Surely a portion of $400 million is worth a lot. That's what you lost. Absolutely. I agree with you. And so how did the court order not finding that? Well, actually, didn't the court award cost to both parties? But the net was greater in favor of the defendants. Correct. The net was $135,000 in favor of the defendants. Who won the claim against them for $400 million? Well, the claim wasn't for $400 million, and that's what I want to clarify again, is the claim was for whatever the record showed was the value of that intellectual property. But it was big money. Well, we argued the jury could decide whatever it was, and we thought that was very substantial. Didn't the record show that Mr. Verdell's share was something like $50 million? $58 million, yes, Your Honor. Mr. Verdell's share for his fraud was $58 million. That's correct. And we argued to the jury that under certain of our claims, the fraud and unjust enrichment claim, that we should get 50% of that because we were the 50% owner. So losing $25 million is a substantial defeat. I agree with that. But it doesn't negate the fact that plaintiffs did prevail on the inventorship verdict, and that was a significant issue. It was the heart of the case for years. It's the basis on which defendants removed the case. But Farrar says that it alters the legal relationship by modifying behavior in a way that directly benefits you. And how did this verdict of co-ownership directly benefit you? Well, it hasn't yet because they haven't changed the patents, to my knowledge. In the patent office, they haven't corrected the patents, even though we requested that the court order that after the judgment was entered. But as we said in the briefs, if Mr. Shemin has now joined a new company, he could take those patents to his new company and say that he has the right to practice those patents. So that's how it could directly benefit, when the judgment is entered and when these patents are corrected. That's a concrete change in the relationship. But I concede that the defendants' actions years ago, when the telecom market was hot and these patents were extremely valuable, and keeping all of the proceeds and not having to pay us anything because they prevailed in state law claims, was a significant victory for them. But there's no case law that says, and this is our second point, there's no case law that says that the court can decide there are co-prevailing parties. The court, under the Air Attack case that we cited, and the defendants haven't cited any cases to the contrary. Well, so assuming that's correct, assuming it's true that you can't have two prevailing parties under our case law, then the argument remains whether or not you versus the other side are the prevailing party. And the district court, at least in his opinion, certainly strongly suggested if there were only one prevailing party, hands down, it would be the other side. Well, interestingly enough, he did say that, Your Honor. You're correct. The defendants did not move to object to us being the prevailing party. They understood the importance of the international agreement. So they, unlike us, we are the only party that made a motion to challenge the taxation of costs. We are the only party that claimed that the other side couldn't be the prevailing party and that the costs were inappropriate. They didn't. And I think that's a critical fact. I think they weighed the issue. And, you know, I actually do think that the court did not decide between us. It said if it had to decide, it would decide on Burdell, but the court didn't decide one way or the other. And I think it was error for the court to award them their significant costs when they didn't, basically another word in their favor, when they didn't object to us being the prevailing party. But as a practical matter, if we were to conclude that they were the prevailing party, then the amount of costs, the fact that they subtracted the costs for your portion of the appeal that you prevailed in, is certainly not an abuse of discretion. Assume the district court had said they were the prevailing party, but that he's going to do the same, absolutely the same calculation with respect to your costs vis-à-vis their costs, given that portion of the case. That would clearly not be an abuse of discretion, correct? Well, I think, I'm not sure it's an abuse of discretion. I think that it's a de novo review. Well, that's on who he decides is the prevailing party. That's correct. But assuming hypothetically that he had concluded that the other side prevailed, he could very readily have said, but here's the remainder. I'm only going to award them $300,000 because I'm going to subtract the $150,000 that you incurred with respect to your inventorship claims. That would be a perfectly reasonable way for him to proceed in terms of the calculation, would it not? I'm not sure that that's what the law says. I think the law says he has to decide who the prevailing party is. But then once he decides, I'm assuming he decided that they were the prevailing party. Once he decides who's the prevailing party, it's a very deferential standard we apply in terms of how he shakes out what portion of costs should be awarded. I agree. I agree. And in that case, once he decides who the prevailing party is, he can reduce the amount of that cost award or call it even. Say each side should incur their own cost. I agree. The judge has that discretion. Alternatively, I'd like to argue a couple of things. The cost award that they did, the district court did provide to the defendants, he did abuse his discretion in ordering two components, especially the $77,000 in costs from the first inventorship trial, which this court vacated because it violated Shum's Seventh Amendment rights. I think the law is clear that this court's previous order in Shum 1, if you will, vacated the entire case and vacated the cost order. And there's absolutely no basis, there's no discretion, I don't think, by the judge to order significant costs on an inventorship trial which violated the party's constitutional rights. The second issue, and I will concede it's under the abuse of discretion standard, so it's a little tougher for us. But we also claim that the judge ordered Shum to pay $72,000 approximately in exhibits, copies, and expert reports when the reports were insufficiently vague and undocumented. It's extremely vague, and the judge admits it in his order. The declarations submitted by counsel, the costs that they incurred have to do with inventorship, which we prevailed. So I actually think that the judge made, you know, the important point is we didn't have the right to see what they were incurring so that we could object to it. And that's where I think the abuse of discretion comes in. I think that when you're applying for costs, you have to do what we did, which is give a much more detailed analysis of what those costs were. And that's the argument. Essentially, I believe that we are the prevailing party and that if we're not, the amount of costs against us should be significantly reduced. Okay. Thank you, Mr. Kirsch. Mr. Fleming? Good morning. May it please the Court? Mark Fleming on behalf of the defendants. The district court correctly ruled that the defendants are the prevailing party and the cost of what was well within the Ninth Circuit's discretion. Those are us. Please. The problem I have, though, is that he didn't rule that you were the prevailing party. He ruled that both of you were prevailing parties. And assume for a moment that we find that that contravenes our case law. That's contrary. Where does that leave us in that case? I think, as your earlier question pointed out, he did make the alternative ruling that if he did have to choose one prevailing party, it would not be a close question. Dr. Verdiel and the defendants would be the prevailing party. Yeah, but you haven't appealed. What's before us is their appeal, the cost. You haven't appealed the finding, the issue. What authority do we have to change his ruling on prevailing party when you haven't appealed that portion of it? You're not up here saying as a cross appeal or whatever, we should be the only prevailing party. So I'm not clear on how we get from here to there in terms of just saying, well, alternatively, we find that he was the prevailing party. My understanding, Judge Prost, is that this court can affirm the order of judgment below on any grounds supported by the record. And in this case, there was no requirement to cross appeal. We're not seeking to expand the net cost award that the district court gave to us, reducing the award substantially from what the clerk had initially given us. We were fine with the initial award of the clerk. We were fine with Judge Jensen's reduction of that award. We weren't required to challenge it in order to preserve the position as an alternative ground of affirmance that if it's somehow incorrect to say that two parties can prevail, then there can be some kind of offsetting of the two cost awards. As an alternative ground, we say if there has to be one prevailing party, and certainly I would agree the text of the rule talks about the prevailing party. However, this court's decisions in Manildra and in Inland Steel refer to the concept of a prevailing party, suggesting there may be more than one. Nonetheless, if there has to be only one, then Judge Jensen has given his position on that, that the defendants are the prevailing party. Ultimately, I don't know that it makes much of a practical difference, because I think, and this was the import of Your Honor's question, even if there's a determination that one party is the overall prevailing party, that can be done by awarding costs to both sides and essentially reaching a net award in favor of the prevailing party. That's exactly what the court in the District of Kansas did in the Aerotech case that Mr. Kirsch mentioned. In fact, it says at page 663 of that opinion, awarding costs to both plaintiff and defendants more fairly compensates each party's respective partial success. And maybe there is a semantic problem with saying that two parties can be the prevailing party, but there's certainly nothing wrong with saying that both parties prevailed to some extent on different parts of the case, and that's what happened here. We didn't appeal either the clerk's determination or the district judge's determination, because they didn't, neither of them said specifically that Shum is the prevailing party. They simply recognized correctly that Mr. Shum won a favorable verdict on a small, and we believe minor, portion of the case, and awarded him a portion of his costs, just as they then awarded the defense award. What's your answer to the concern about including the costs for the first case? Although it seems pretty clear as to who the prevailing party was. Well, it's not entirely—it's clear once you get to the end of the case, and the authority is settled, that a party that prevails after a second trial is entitled to receive the costs of both trials. We cite Wright and Miller for that proposition, and we think that's settled. Now, of course, the court has discretion to award only partial costs, and that's what the district judge did here. He took the clerk's award of full costs for the first trial to defendants and halved it, cut it by $77,000, because Shum did, in the end, prevail on one-half of his inventorship claim—actually, less than one-half, because he only got co-inventorship of five of the seven patents that he originally asserted. But the defendants prevailed entirely on— So the asserting is less than half? It's less than half of the entire claim, because the original claim was for sole inventorship on four of the seven patents, and the sole inventorship claim was dropped entirely before the case even went to the jury the second time. So there was a complete victory for the defendants on the sole inventorship claim, and a victory on two of seven patents on the co-inventorship half of the case, and Judge Jensen said, well, I'm going to just cut it in half in terms of the first trial, and that was well within its discretion. And I think that's the separate argument that Mr. Kirsch has in his brief, that there was some obligation on the part of the defendants to resubmit the documentation for the costs. It simply didn't detain the court. The record documentation was already there. The court had it. Mr. Shum had it. It would have been entirely duplicative to just recopy it and resubmit it. Judge Jensen had an ample record in front of him on which he could award costs, certainly half the amount of costs sought in the first trial. If that's answered your question, Judge Newman, I'd return to the issue of prevailing party. Just because Mr. Kirsch relies on the Ferrara case, which he mentioned, I think it's important to note that the Supreme Court in that case did talk about a situation where there is a victory that is so small, minor, and technical that it is not enough to give a winning plaintiff, a plaintiff who wins a small part of the case, prevailing party status. And the Supreme Court talks about a situation where the district court awards a declaration that a regulation is unconstitutional, but there was no evidence that the plaintiff was ever harmed by the functioning of the regulation. And in that situation, Justice Thomas, for the majority, says that is not enough to become a prevailing party. But there is a material alteration in the legal relationship. I mean, we had a patent, and Mr. O'Neill was the sole inventor, and now there are co-inventors. That's a material alteration of the legal relationship, is it not? The test Judge Post under this Court's decision in Manildra is not just that there be a material alteration, but also that it modified the defendant's behavior in a way that directly benefits the plaintiff. And that is what's lacking here. And Mr. Shumwald concedes that in his briefs, that because of the rights he already had under the POL, the finding of co-inventorship did not give him any additional economic benefit. And that was the basis of Judge Jensen's finding, that the victory on the co-inventorship claim was a minor one. And it was certainly not enough for Mr. Shum to receive a net award of costs. It was enough to reduce the award of costs given to the defendants by over $170,000 compared to what the Court had given us. We take no issue with that. We think that was a reasonable exercise of his discretion. But it was certainly not an error for him to conclude that when you compare the fact that defendants defeated every single monetary claim under state law, and contrary to what Mr. Kirsch said, the claim was for $409 million, Judge Lurie. It's on page 15869 of the appendix. It's the first amended complaint, which was the complaint that was removed way back in 2002. And it seeks $409 million. The result of this case is the defendants do not have to pay a cent. They defeated the sole inventorship claim entirely, and they defeated the co-inventorship claim on two of seven patents. Intel was dismissed from the case before it even went to the jury. And when you compare that to a claim under Section 256 that Mr. Shum's counsel himself, before the district court, said was not even necessary because, and I quote, this case is really about money damages and unjust enrichment, then very clearly the prevailing party in this case is on the defendant's side. I would just correct one point that Mr. Kirsch made. He suggested that the Section 256 claim was the basis for removal to federal court, and therefore it was somehow central. It was not. The Section 256 claim was only added in the second amended complaint in December 2002 after the case had been removed and the motion to remand to state court had been denied. Removal was based on the embedded issue of inventorship, and we've always recognized that that issue was a necessary, though not sufficient, element of Mr. Shum's state law claims. We have never suggested that the Section 256 claim for correction of inventorship was in any way important. On the contrary, I think the record and the comments this morning have shown the court that it was not important at all, and therefore the defendants are the prevailing party. Okay. Thank you, Mr. Fleming. It's my pleasure, Judge. Thank you for your attention. Mr. Kirsch. I have nothing further. Thank you. Thank you. The case is taken under submission.